San Antonio & Aransas Pass Railway Company v.
Katie J. Bennett.

No. 2833.

1. **Life Tables—Probable Duration of Life.**—In a suit by the widow against a railway company for negligently causing her husband's death it was competent to introduce tables prepared by the American Legion of Honor as evidence to aid the jury in determining the probable duration of the life of the husband but for the injury.

2. **Separation of Jury.**—By article 1304, Revised Statutes, it seems that it is expressly provided that the court may permit the separation of a jury engaged in trying a civil case under conditions provided.

76  151
88  162

3. **Contributory Negligence—Burden of Proof.**—Unless the plaintiff's case discloses want of care on part of the injured party, or exposes him to suspicion of negligence, and the defendant relies upon contributory negligence as a defense, it must be pleaded and proved.

4. **Due Care on Part of Injured Party.**—It is error to charge the jury that it devolved upon plaintiff to prove not only the negligence of the defendant, but also that the deceased did not by his own negligence contribute to his own death, in suit by widow against a railway company for negligently causing her husband's death.

APPEAL from Colorado. Tried below before Hon. Geo. McCormick. The opinion states the case.

*S. C. Patten,* for appellant. — 1. Written or printed matter embraced in pamphlets, letters, books, or tables prepared by a person or persons other than the witness testifying, and not shown to be an accredited and recognized source of information, are, when offered in evidence by being read from by a witness or repeated through memory, only hearsay testimony, and objectionable as such. 1 Greenl. on Ev., art. 99.

2. The court erred in permitting the jury to separate and go about the town at their pleasure, unaccompanied by an officer, after they had received all the testimony in this case except the expert testimony of Drs. Harrison and Bowers, the defendant objecting. 1 Sayles' Civ. Stats., art. 1304.

3. The servant seeking to recover of the master for an injury takes the burden upon himself of establishing negligence upon the master and due care upon his own part, and this requires that he should show the facts surrounding and leading to the accident; and the same rule obtains when the action is prosecuted by a relative of the deceased, the accident having resulted in his death. Railway v. Crowder, 63 Texas, 504, 505, and authorities cited; Miller v. McNeil, 57 Texas, 465; Railway v. Le Gierse, 71 Texas, 189.

*Foard, Thompson & Townsend,* for appellee. — 1. A witness called upon as an expert has a right to testify his opinion upon a given state of case, and testify his knowledge of matters of the character inquired of from information coupled with observation.

2. The matter of allowing the jury to separate in a civil case is entirely within the discretion of the court, and it must be shown that the court abused that discretion before complaint will be entertained.

3. Contributory negligence is a matter of defense; and where the master seeks to relieve himself from the liability for injury done his servant through his (the master's) own negligence and want of ordinary care, on the ground that the servant contributed to the injury, it devolves upon the master both to allege and prove such contributory negligence. Railway v. Randall, 50 Texas, 254; Railway v. Redeker, 67 Texas, 187; Rail-

way v. Spicker, 61 Texas, 429; Railway v. Murphy, 46 Texas, 363; Whart. on Neg., 425; Chapman v. Railway, 19 N. Y., 342; Button v. Railway, 18 N. Y., 259; Redf. on Car., sec. 370, note 20.

ACKER, Presiding Judge. —Katie J. Bennett brought this suit against the San Antonio & Aransas Pass Railway Company to recover damages for the death of her husband, G. N. Bennett, who was killed by being run over by defendant's cars on the 11th day of August, 1887, while in the service of defendant as a brakeman.

The petition alleged that the death was occasioned by the gross negligence of defendant, its employes, and agents in allowing a hole, ditch, or trench to be along its track that caused the death; that defendant knew, or ought to have known, of said hole, ditch, or trench, and that deceased did not know, and could not have known, of its existence; that deceased did not in any manner contribute to his death.

Trial by jury resulted in judgment for $6000, and defendant appealed.

Plaintiff introduced as a witness Dr. Harrison, who was permitted by the court to testify, over objection by defendant, from tables prepared by the American Legion of Honor, showing estimates of probable duration of lives of men at different ages, that the deceased would probably have lived for twenty-nine years, being at the time of his death thirty-eight years old. This ruling is assigned as error. The bill of exceptions does not state the ground of objection, as we think the better practice requires should be done.

It is not claimed that the tables used by the witness were not approved or correct tables, nor is there anything to which our attention has been called which indicates that the ruling here complained of was prejudicial to defendant. The use of such tables was suggested by this court in the case of the Houston & Texas Central Railway Company v. Cowser, 57 Texas, 304, as proper evidence to aid in determining the probable duration of life. Not that such tables establish the duration of a particular life, but that they may properly be used in connection with all other evidence in reaching a conclusion as to the probable duration of the particular life. We think the court did not err in the ruling complained of by the first assignment of error.

The second assignment of error is: "The court erred in permitting the jury to separate and go about the town at their pleasure, unaccompanied by an officer, after they had received all the testimony in the case except the expert testimony of Drs. Harrison and Bowers, the defendant objecting."

It appears that on adjournment for dinner, having instructed them that they should not discuss the case or permit any one to talk to them about it, the court permitted the jury to separate. Such practice seems to be expressly authorized by article 1304 of the Revised Statutes, when

in the discretion of the court it is thought proper, and the exercise of that discretion will not be revised on appeal unless it is clearly shown that the party complaining has been injured thereby. Noel v. Denman, decided present term. We think the second assignment is not well taken.

The third assignment of error is: "The court erred in its charge to the jury in the third, eighth, and tenth sections thereof, in instructting the jury, in effect, that to recover plaintiff had only to show that the injury and death of deceased resulted from negligence of defendant, and that she is relieved from the additional burden of showing that deceased was at the time exercising due care, and that the burden was then on defendant to show that the deceased was not exercising due care."

The portions of the charge against which this assignment is directed are as follows:

"3. Under these issues presented to you the burden of the proof is on the plaintiff, and to entitle her to recover she must have shown to your satisfaction that her husband was injured substanially as alleged, and that such injury was sustained by reason of the negligence of defendant company, or its agents and employes. If this has been shown by evidence to your satisfaction, then the burden of proof shifts upon the defendant company, and it devolves upon the defendant to show that it is not liable for damages by reason of the deceased having contributed by his negligence, as you are hereinafter instructed."

"8. If, however, you find that the plaintiff has shown to your satisfaction that the defendant company has failed to use such ordinary and reasonable care and diligence in the construction and keeping in proper repair its road bed, and that the death of Bennett was caused by such defect, either directly or proximately, and that the deceased did not contribute to his injury by the want of any proper care, forethought, and prudence on his part, then you will find for plaintiff."

"10. If there was negligence on the part of defendant, then whether the company is exempt from liability by reason of deceased having contributed by his negligence and want of proper care to his death, and whether such defect was the cause of the injury, are also for you to decide under the evidence, under the law as to contributory negligence."

At request of defendant the following special instructions were given:

"1. If the jury find from the evidence that G. N. Bennett, the deceased, was killed by a train of cars on defendant's road while in its employment, and that Katie J. Bennett, the plaintiff, was the wife of said Bennett, then the burden of proof rests on the plaintiff Katie J. Bennett to show that the death of G. N. Bennett, deceased, resulted from the negligence of defendant, and that the said G. N. Bennett was exercising due care, before she can recover.

"2. If the jury find from the evidence that G. N. Bennett, the deceased, was killed while in the employ of defendant as brakeman by its

cars, and that plaintiff was his wife, the burden is upon plaintiff Katie J. Bennett to show that the said G. N. Bennett did not by his own negligence contribute to his death, and unless she has so done in the evidence, they must find for the defendant."

Appellant does not contend that the averments of the petition tend in any way to show that deceased was guilty of negligence that contributed to the injuries that caused his death.

We think it is now well settled that unless the plaintiff's case discloses want of care on the part of the injured party, or exposes him to suspicion of negligence, and the defendant relies upon the defense of contributory negligence, it must be pleaded and proved. It is only when the averments of the petition show a prima facie case of negligence on the part of the injured party that it becomes necessary that the plaintiff should negative by averment and proof the existence of such negligence. When the case stated by plaintiff shows prima facie negligence of deceased the defendant can avail itself of the defense of contributory negligence under the averments of the petition; otherwise such defense must be pleaded. Murray v. Railway, 73 Texas, 2, and authorities there cited.

The petition in this case directly negatives the existence of contributory negligence, though it was not necessary to do so. Railway v. Murphy, 46 Texas, 363; Railway v. Cowser, 57 Texas, 302. The defendant pleaded contributory negligence, thereby indicating that it did not rely for that defense upon the averments of the petition showing such care as required plaintiff to negative the existence of such negligence.

As the case is presented we think it clear that the court correctly gave the law in the third section of the general charge complained of, and that it erred in that part of the general charge, and also in the special instructions given at request of defendant, which required the plaintiff to prove not only the negligence of defendant, but also that the deceased did not by his own negligence contribute to his death. These errors, however, being in favor of appellant, afford no grounds for reversal of the judgment.

It is urged by the remaining assignment of error that the verdict was against the preponderance of the evidence, but on a careful consideration of the evidence we are unable to say that the verdict is clearly wrong; and unless we can so say, under repeated decisions of this court we can not set it aside.

We are of opinion that the judgment must be affirmed.

*Affirmed.*

Adopted March 4, 1890.