THE GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. JOHN B. GORMAN.
No. 169.

**Damages for Personal Injuries — Pleading — Requisites of Petition.** — Gorman sued the railway company for damages for personal injuries alleged to have been sustained by him through its gross carelessness and negligence while he was on the top of one of its cars which was attached to its engine and being backed over its track. The petition failed to show what relation Gorman bore to the railway company, whether as passenger, employe, or trespasser, or that he had any right to be on top of the car, or that the railway company's servants knew or ought to have known that he was there, or owed him any duty whatever. The defective allegations of the petition are not aided by the answer. *Held*, it was error to overrule the general demurrer to the petition.

APPEAL from Lamar.    Tried below before Hon. E. D. McCLELLAN.

*Alexander & Clark* and *J. W. Terry*, for appellant.—The court erred in overruling defendant's demurrer to plaintiff's petition, because the petition stated no cause of action, in that there was no intimation as to the relation plaintiff sustained toward defendant. There was no averment that defendant knew plaintiff was on top of the car, nor that defendant ought to have known he was there; and the petition not only did not state a cause of action, but was without certainty in any particular, and only calculated to mislead and bewilder defendant in a proper defense. Sneed v. Moodie, 24 Texas, 159; Flaxman & McKenzie v. Rice, 65 Texas, 431; Caldwell v. Haley, 3 Texas, 318; Mayton v. Railway, 63 Texas, 77; Rivers v. Foote, 11 Texas, 670; Shearm. & Redf. on Neg., sec. 25; 1 Thomp. on Neg., 449; Gray v. Osborne, 24 Texas, 158.

*R. Wooldridge*, *E. W. Fagan*, and *Wooten & Kimbrough*, for appellee.

1. The petition states a cause of action, and is not subject to a general demurrer. The office of a general demurrer is to test the sufficiency of the cause of action. Under a general demurrer the petition is liberally construed. Presumptions of law may aid a petition, and do in this case. Defective allegations in a petition are aided by the allegations of the answer.

2. Fault or contributory negligence is matter of defense to be alleged and proved by the defendant. Contributory negligence is an act of omission or commission wrongful in itself, and is a question of fact, and was strictly within the province of the jury to determine it; for under the rule of decision in our State, an act not in violation of a statutory requirement would have to be palpably reckless to authorize the court to declare it negligent. Brown v. Sullivan, 71 Texas, 475; Railway v. Murphy, 46 Texas, 356; Railway v. Spicker, 61 Texas, 427; Railway v. Cow-

ser, 57 Texas, 293; Smoot v. The Mayor, 24 Ala., 112; Railway v. Crenshaw, 65 Ala., 566; Finn v. Wharf Co., 7 Cal., 255; Thompson v. Railway, 54 Ga., 509; Paducah v. Hock, 112 Bush, 41; Railway v. Thomas, 79 Ky., 160; Railway v. Pointer, 9 Kans., 620; 25 Kans., 583, etc.; Day Co. v. The State, 68 Texas, 531; 68 Texas, 501; Prewitt v. Farris, 5 Texas, 370; Railway v. Turner, 1 Texas Civ. App., 630; 46 Texas, 356; 57 Texas, 301; 59 Texas, 330; 71 Texas, 392, 523; Railway v. Easton, 2 Texas Civ. App., 378; Rope and Twine Co. v. Burket, 2 Texas Civ. App., 308; Railway v. Smith, 74 Texas, 278.

LIGHTFOOT, Chief Justice.—In this case, the plaintiff's petition, after alleging the names of the parties and their residences, and that the railway was a common carrier, thus states the acts of appellant upon which he relies for a recovery: "Defendant was engaged as a common carrier, engaged in running and propelling cars for conveyance of passengers and freight over the railroad owned and controlled by it, running from Dallas, Texas, into and partly across said Lamar County, to Paris, said county, and State of Texas, and over a public highway; and while so engaged, by its servants, agents, and employes, so carelessly and negligently, at the date last mentioned, at Paris, Lamar County, Texas, conducted, managed, and run said cars, that by such carelessness and negligence, which plaintiff alleges was gross carelessness and negligence on the part of defendant, while backing the engine with a car loaded with stock, to-wit, goats, attached thereto, so rapidly against another car or cars standing on the railroad track, caused a violent jolt and shock of the car loaded as aforesaid and attached to the engine as aforesaid; that at the time said loaded car struck against said car as aforesaid, plaintiff was on top of said loaded car, and that said shock or jolt was so great that plaintiff was thrown down on top of said car, and onto the footboard of the same, and rolled on top of said car so violently that he was injured." * * * Plaintiff then sets out the character of his injuries and the damage sustained.

The railway company filed a general demurrer to the petition, which was overruled, and it excepted, and has properly assigned error upon this ruling.

The petition failed to set out any good cause of action, and the demurrer should have been sustained. It is not shown what relation appellee bore toward appellant which would authorize him to recover. If he was a passenger, then the allegation that he was on the top of a car discloses such a suspicion of contributory negligence as would necessitate some explanation of his position. Railway v. Bennett, 76 Texas, 155.

If he was an employe of the company, and his duty called him to that position, this should have been set out. If he was there as a trespasser, and voluntarily placed himself on top of a car, without alleging any

knowledge of appellant's servants that he was there, it would not be contended that he could recover. It is not shown by the petition that appellee had any right to be on top of the car, or that appellant's servants knew or ought to have known that he was there, or owed him any duty whatever. In the language of the Supreme Court in the Mayton v. Railway case, 63 Texas, 78: "The petition lacks an element which is essential to all good pleading—certainty to a common intent. It does not inform the defendant of the issue which is to be met."

Under the allegations of the petition, the defendant could safely admit all therein stated to be true, and still it would not authorize a recovery. The defective allegations of the petition are not aided by the answer.

The other errors assigned are not such as will probably arise on another trial. For the error of the court in overruling the demurrer, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 31, 1894.