## Dallas Consolidated Traction Railway Company
### v. Annie Hurley et al.
#### No. 118.

1. **Street Railway—Negligent Injury to Person.**—Where the evidence showed that a street car, while being driven at an unlawful rate of speed on a dark night, without lights and without a vigilant watch being kept by the driver, ran over and killed a person walking along the track, a verdict against the railway company was warranted by the evidence.

2. **Same—Provisions of Charter—Rate of Speed—Charge.**—Where it was pleaded and proved that the city charter required drivers of street cars to keep a vigilant watch for persons on the track, it was proper to submit to the jury the question whether the driver was keeping such a lookout as the city ordinances required at the time the deceased was run over and killed.

3. **Burden of Proof—Contributory Negligence.**—A requested charge that the burden of proof is on the defendant to show by a preponderance of evidence contributory negligence on the part of the deceased, coupled with the addition that this charge must be taken in connection with the main charge, that the plaintiffs must show that the deceased was injured without any fault or negligence on his part, in order to make out their case, is properly given.

4. **Street Railway—Charge of Court.**—A requested charge, that the jury should find for the defendant if they believed that even if the street car had been lighted and been driven at a proper rate of speed, the deceased would have received the same injury that he did receive, was properly refused.

5. **Same—Receiver as Party.**—In a suit against a street railway company for injuries sustained before the appoinment of a receiver, where the evidence fails to show net earnings made by the receiver, such receiver, although a proper, is not a necessary party.

Appeal from Dallas. Tried below before Hon. R. E. Burke.

*Leake, Henry & Reeves*, for appellants.—1. The plaintiffs could not make out their case without developing the circumstances of the occurrence. The only account of it was in plaintiffs' evidence, and showed contributory negligence. It thus became unnecessary for defendants' evidence to show contributory negligence, and it was therefore not required, and it was not the law, "that the defendant should establish this fact," as the court charged. Brown v. Sullivan, 71 Texas, 475; Railway v. Crowder, 63 Texas, 504; Railway v. Hill, 71 Texas, 451; Railway v. Tricker, 61 Texas, 427.

2. The injury to the deceased having occurred while the railway was being operated by the corporation, and before the appointment of the receiver, he was not a proper party, and no judgment can be legally rendered against him in this suit.

*Wooten & Kimbrough*, for appellees.—1. The special charge as to the burden of proof given by the court at request of the appellees, with the addition of the court to it, was a correct statement of the law governing this case, and was properly given, it being called for by the issues raised by the pleadings and proof. Railway v. Bennett, 76

Texas, 155; Railway v. Cowser, 57 Texas, 302; Railway v. Murphy, 46 Texas, 363.

2. The court's charge was a correct application of the law, and the proof showed such negligence as warranted a recovery by plaintiff. Railway v. Box, 81 Texas, 670–677; Railway v. Carson, 66 Texas, 347; Railway v. Kuehn, 70 Texas, 585; Hays v. Railway, 70 Texas, 605; Railway v. Wilson, 60 Texas, 142–145; Railway v. Chapman, 57 Texas, 75–83; Railway v. Weisen, 65 Texas, 443; 2 Wood's Ry. Law, sec. 320, et seq., and notes.

FINLEY, ASSOCIATE JUSTICE.—This is a suit for damages brought by Annie Hurley and her two minor children against the Dallas Consolidated Traction Railway Company (a street railway company), and Sam P. Cochran, receiver of said railway company, for damages for the negligent killing of Mike Hurley, who was the husband of the said Annie Hurley, and the father of the other two plaintiffs.

The petition charged, that the said Mike Hurley received the injuries causing his death while he was crossing the track of said railway in the city of Dallas, on a dark night. The negligence of the railway company was charged to consist in rapid driving, absence of any light on the car, and failure to keep watch by the driver, all contrary to the ordinances of the city of Dallas.

The alleged injury was charged to have occurred on August 29, 1892, about the hour of 9:30 p. m. Plaintiff's petition charges, that after said Mike received the injuries causing his death, to wit, on October 15, 1892, at the instance of the trustees of a second mortgage executed by said railway company, its property of every description was placed in the hands of said Cochran, as receiver, and that said receivership is still pending in the District Court of the Forty-fourth Judicial District of Dallas County, Texas. (This suit was prosecuted in the Fourteenth Judicial District, Dallas County, Texas.)

The petition charged, that the plaintiffs have by law a lien on the net earnings of the road in the hands of the receiver, superior to that of the mortgagees, and that a large amount of net earnings have come into the hands of the receiver, and have been expended by him for betterments and otherwise, to wit, the sum of $15,000; wherefore said receiver is made a party defendant.

Plaintiffs prayed for $20,000 actual damages and $5000 exemplary damages, and for a judgment against the receiver on account of the receipt of earnings, and their misappropriation, etc. The defendants pleaded general denial and contributory negligence of the deceased.

There was a general verdict for plaintiffs for $9000, apportioned equally between them, upon which judgment was rendered against both the railway company and the receiver, with directions that the judgment as to the receiver be certified to the District Court of the Forty-fourth Judicial District, and that the receiver be required to pay this judgment in the due course of law out of the earnings of the de-

fendant company while in the hands of the receiver, and as required to be paid by statute, and in case he fails to pay this judgment within a reasonable time, that the fact of his failure be certified to the trial court, etc.

Both the railway company and the receiver perfected an appeal to this court, and assigned errors, of which they now insist upon the following. (The above statement of the case is furnished by appellant's brief, and is substantially correct.)

First assignment of error: "The court erred in overruling defendants' motion for a new trial, because the verdict of the jury was contrary to the law as given in charge by the court, and contrary to the evidence adduced on the trial, in this: that there was no evidence introduced on the trial that showed or tended to show that the deceased, Mike Hurley, would not have been injured at the time and place he was injured, even if the defendant company had been wholly and entirely free from fault, blame, or negligence; and there was no evidence showing or tending to show that deceased received his injuries by reason of the alleged illegal rate of speed of the car, or by the alleged want of signal lights in the car."

Appellees in their brief gave a condensed statement of the evidence relating to the manner in which the injury was inflicted, which we find to be sustained by the record. It is as follows:

"The right of way of the appellant's line of railway in the city of Dallas was expressly granted subject to the charter and ordinances regulating street cars and railroads. The ordinances of the city provide, that no street car should be run at a greater rate of speed than six miles per hour, that the conductor or driver of each car shall keep a vigilant watch for all vehicles and persons on foot, either on the track or moving towards it, and on the first appearance of danger of such persons or vehicles the car shall be stopped in the shortest space and time possible, and that after sunset the cars shall be provided with signal lights. The point where this accident occurred was on South Harwood street, where there was no sidewalk, and where people usually walked on the car track or crossed from side to side of the street, according to the condition and nature of the ground. The street at that place is straight, but there was a curve at a point two blocks north of the spot and another curve a short distance south, so that the car could not be seen beyond those curves. The car at the time it ran over Hurley had no lights on it, and it was perfectly dark in the street, being about 10 o'clock at night. Foss and Randolph both saw the car immediately after it struck Hurley, and it had no light of any kind in or on it. At the time the car struck Hurley, and before and after it had struck him, it was running at a furious rate of speed; some of the witnesses say the mules seemed to be running away, others that they were going as fast as they could, and others that the car was going twelve or fifteen miles an hour. Hurley himself said that he heard the car, but could not see it, as there was no light on it, and that it ran

upon him so quick that he could not get out of the way. The car made such a noise when it ran over the man that it awakened persons in the neighborhood and could be heard several blocks away; but the driver of the car says he did not know of having run over anybody until the next morning, and that he neither saw nor heard of the man being run over by him that night; he drove right on without stopping or lessening his speed; says he could have stopped his car if he had known there was any use to do so, and it is shown that if it had been going at a legal rate of speed he could easily have done so. It was his last run that night, and he was in a hurry to get to the stables, which were in the direction he was going when he ran over and killed this man. He had never driven street cars until within the month past, but was used to driving mule teams on a country road. The appellants pleaded that Hurley was drunk or asleep on the street car track, but there was no evidence to support this plea. All those who saw and examined him after the accident, including the physicians, said he was not drunk nor drinking, and he was shown to have been a sober man by habit. There was some evidence of an unknown drunken man being seen that night out beyond the place where Hurley was killed, but no sort of identification or connection was shown with Hurley and this person, and it was shown that that was a neighborhood (near the City Park) where drunken tramps resorted in summer time."

We think the evidence authorizes these conclusions:

1. That the conductor or driver of the car was guilty of negligence in driving at an unlawful and unsafe rate of speed; that he was guilty of negligence in not having the car lighted with signal lights, and was also guilty of negligence in not keeping a vigilant watch for persons on the track, as required by the city ordinances.

2. That such negligence on the part of the conductor of the car was the proximate cause of the death of Mike Hurley.

3. The evidence does not show that the deceased, Mike Hurley, was guilty of contributory negligence.

The first assignment of error is not well taken. Railway v. Box, 81 Texas, 670; Railway v. Carson, 66 Texas, 347; Railway v. Gray, 65 Texas, 36; Railway v. Kuehn, 70 Texas, 585; Hays v. Railway, 70 Texas, 605; Railway v. Wilson, 60 Texas, 142; Railway v. Chapman, 57 Texas, 75–83; Railway v. Weisen, 65 Texas, 443; 2 Wood's Ry. Law, sec. 320, et seq., and notes.

The second assignment also assails the verdict as being contrary to the evidence, and need not be further noticed. It is not sustained by the record.

The fourth and fifth assignments complain of the charge of the court, and are as follows:

"Fourth. The court erred in charging the jury that the charter of the city of Dallas required the driver of each car to keep a vigilant watch for persons on foot, either on the track or moving towards it,

and on the first appearance of danger to such person to stop the car within the shortest time and space possible, because there was no evidence indicating such want of care on the part of the driver of defendant's car at the time of injury to the deceased."

"Fifth. The court erred in the following part of its charge to the jury, to wit: 'If you believe that Hurley at the time was acting as a reasonably prudent person would have acted, taking into consideration the condition, situation, and all the surrounding circumstances at the time, and while so acting received the injuries which resulted in his death, then the plaintiffs would be entitled to a verdict at your hands;' because such charge presented a hypothetical case, there being no evidence tending to show that the deceased was so acting."

As to the fourth assignment, appellees' counsel reply thereto appropriately and correctly in their counter-proposition: "It was specially pleaded in the petition, and shown by the evidence, that by the charter and ordinances of the city of Dallas, under which appellant enjoyed its franchise and right of way, the street car company was required to run its cars at not exceeding six miles an hour, that it must keep signal lights burning on its cars after sunset, and that the drivers of street cars must keep a vigilant watch for vehicles and persons on foot, either on the track or moving towards it, and on the first appearance of danger to such persons or vehicles, to stop the car within the shortest space and time possible. The proof showed that this car was running at twelve or fifteen miles per hour, had no lights on it, that it was a dark night, that the car ran over a man and made such a noise that it woke up people for blocks around, and then ran on without slackening its rate of speed, and the driver swore that he did not know that he had run over anybody until the next day, and did not notice the collision at all. Under this state of facts, the court very properly submitted the question to the jury whether the driver was keeping such a lookout as the city ordinances required, for it was one of the most prominent issues in the case." Railway v. Farrell, 27 S. W. Rep., 942.

That part of the charge complained of in the fifth assignment was pertinent to the facts of the case as developed by the evidence, and the charge would have been incomplete without it.

The sixth assignment is directed at the action of the court in giving this special charge at the instance of plaintiffs' counsel: "Gentlemen of the Jury: You are further charged, that the burden of proof is upon the defendant company on their plea of contributory negligence, and you are charged that the defendant should establish this fact by a preponderance of the evidence in order to defeat a recovery by plaintiff when she has made out her case." Given by the court, with the following addition to it: "This charge is given to be construed with the main charge, that the plaintiff must show that Hurley was injured without any fault or negligence on his part, in order to make out their case."

In this there was no error. Railway v. Bennett, 76 Texas, 155; Railway v. Cowser, 57 Texas, 302; Railway v. Murphy, 46 Texas, 363.

The seventh assignment is based on the refusal of the following special charge asked: "In addition to the charge already given you, the court further charges you, that although the jury may believe from the evidence that the defendant was guilty of negligence, yet if the jury believe from the evidence that the deceased, Mike Hurley, himself was guilty of the slightest want of ordinary care, contributing directly and proximately to his injury, then the plaintiffs would not be entitled to recover in this case."

The principle announced in this requested instruction, so far as correct, was embraced in the general charge. It did properly announce the law of contributory negligence. Railway v. Danshank, 25 S. W. Rep., 296; Railway v. Garbitt, 49 Texas, 580.

The refusal of the following special charge is presented by the eighth assignment: "The court further instructs the jury, that although they may believe from the evidence that the car was not lighted, and was being driven at a higher rate of speed than was allowed by law, yet if they further believe from the evidence that even if the car had been lighted and had been driven at a proper rate of speed, that the deceased, Mike Hurley, would *probably* have received the same injuries that he received, then you will find your verdict for the defendant."

The court did not err in refusing this charge.

The ninth assignment relates to the refusal of the following special charge: "The court charges you further, that the injuries complained of having been received by the deceased, Mike Hurley, before the defendant Sam P. Cochran was appointed receiver of the defendant company, therefore your verdict should not be in any event against him."

The evidence showed the existence of the receivership as alleged, but did not show betterments or net earnings made by the receiver. The judgment which was sought, and that which was obtained against the receiver, provided for it to be certified to the court in which the receivership was pending for classification and payment. The receiver was not a necessary party to the suit, but was a proper party. Howe, Receiver, v. Harding, 76 Texas, 17; Acts 21st Leg., p. 56.

The twelfth, and only remaining assignment, attacks the verdict as not supported by the evidence. This proposition has been sufficiently passed upon under other assignments.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 20, 1895.