## HART, WIGGIN & CO. v. C. D. KANADY.

1. A defendant, being sued in an action commenced by an attachment sued out by the plaintiffs' attorneys, filed a general demurrer and a general denial, and on a subsequent day filed a plea in abatement under oath, setting forth that he had notified the attorneys to produce their power of attorney, if any they had, from the plaintiffs, authorizing them to make the oath or to sign the plaintiffs' names to the attachment bond, but they had failed and refused to produce any power of attorney, and defendant was informed that they had none; wherefore defendant alleged that the plaintiffs' names upon the attachment bond were placed there by the attorneys without any written authority under seal from the plaintiffs, empowering the attorneys to sign the names of the plaintiffs to the bond. The court below treated this plea as a motion presenting a question of law only, and sustained it, abating the attachment. This court is of opinion that the plea in abatement should not have been entertained after the previous pleadings to the merits; and *ho'ds*, at all events, that the plea tendered an issue of fact which should have been submitted to a jury, and that it was error for the court below to take it for granted, on the mere allegations of the defendant, that the plaintiffs' attorneys had no power to bind their principals.

2. Pleas in abatement must be proved, and the burden of proof is upon the party who pleads them.

3. This court adheres to its ruling in Reed v. Levi, 30 Texas, 738, that attachment bonds executed under Articles 143, 148 and 163, of Paschal's Digest, must have seals, or scrawls by way of seals, to the names of the obligors; although to appeal and writ of error bonds seals are held not to be necessary, in Foster v. Champlin, 29 Texas, 22, and Russell v. McCampbell, 29 Texas, 37.

APPEAL from Dallas. Tried below before the Hon. A. B. Norton.

The opinion of the court states all material facts. The abatement of the attachment was duly excepted to by the plaintiffs, who subsequently recovered judgment *in personam* against the defendant. There were three cases between these parties, but they presented the same state of facts, and were all disposed of by the present decision.

*Burford, Good & Jordan,* for the appellants.—The object of this appeal is to review and revise the ruling of the court below abating the attachment.

I. It is insisted that an attorney at law can execute for his client an attachment bond.

First—The language of the statute is, "the plaintiff, his agent or attorney," etc. (Paschal's Digest, Art. 143.) If by the word "attorney" was intended only an attorney in fact, then it was superfluous, because such is included in the word "agent."

Second—This court has decided that an attorney at law can make the attachment oath. (Ables v. Miller, 12 Texas, 111.) This was done before the act of January 11, 1856, (Paschal's Digest, Art. 179,) authorizing attorneys to make affidavits in certain proceedings, and is based solely on the section of the statute under consideration. The right to give the bond is as clear as the right to make the oath.

Third—The attachment law of Louisiana is the only one we have found with a provision similar to our own. The Supreme Court of that State, in Witmore v. Daffin, 5 La. Annual, 476, and Trowbridge v. Weir, 6 La. Annual, 706, have decided that an attorney at law can, under their statute, execute the bond. (Drake on Attachments, § 132.)

Fourth—It is a universal principle in agencies that they include all the usual modes and means of accomplishing the objects and ends of the agency, unless the inference is expressly excluded by circumstances. (Story's Agency, § 85.) That the "authority

XXXIII—46

carries with it or includes in it as an accident all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created. (Ibid, §§ 60 and 97.) That the assumption of extraordinary powers by the agent in cases of emergency or necessity, when fairly done, are binding on his principal, (Ibid, § 141,) and that in such cases he is justified in deviating from positive instructions. (Ibid, § 193.)

Independent of any statutory provision it is urged as law that when a claim is placed in the hands of an attorney for collection, his principal by that act invests him with full power and authority to do and perform every act necessary to attain the desired end.

II. It is admitted that a motion to quash an attachment can be made *in limine*, but it is insisted that a plea in abatement, after answer to the merits, is not in due order of pleading, and comes too late. (Drake on Attachments, § 124; Sayles's Treatise, § 558, last paragraph; Sayles's Practice, introduction, pp. 26 and 27.)

III. It is insisted that the plea in abatement should negative every hypothesis on which the attachment bond could be sustained. The only material allegation in the plea is that the attorneys were not authorized by power under seal to sign appellants' names.

It does not negative their authority by an instrument not sealed, or that appellants were present and authorized the act, (Story's Agency, §§ 50 and 51,) or that appellants subsequently ratified the act. (Drake on Attachments, §§ 133 and 134.)

In addition to this, sealed authority to do an act required by law to be under seal, is dispensed with in this State. (Paschal's Dig., Art. 5087.)

The result is this plea set up no defense, and should have been treated as a nullity. (Brewer v. West, 2 Tex., 377.)

IV. If the plea in abatement tendered any issue at all it was one of fact and not of law, viz: was the power to sign under seal. This could not be determined by the court, but by the verdict of a

jury only.   Issues of law to the court and of fact to the jury is
too well settled by elementary writers to require authority.

A. *Bradshaw*, for the appellee.

WALKER, J.—This was an action commenced in the district
court by attachment, sued out upon the affidavit of one of plain-
tiffs' attorneys, P. C. Jordan.   The ordinary bond was given; the
plaintiffs' attorneys signing the name, Hart, Wiggin & Co., and
giving themselves individually as securities.   After the name,
Hart, Wiggin & Co., a scroll was appended for a seal.   Scrolls
were also used after the individual names of the securities.

The suit was commenced on the eleventh day of April, 1868.
On the fourth day of December, 1868, the appellee (defendant
below) filed a general demurrer, and also a general denial to the
plaintiffs' cause of action.   On the eleventh day of December,
1868, he filed a plea in abatement to the attachment.   In this
plea he sets up that he had served a notice on plaintiffs' attorneys
to produce the power of attorney, if any they had, under which
they acted in signing the plaintiffs' names to the attachment bond,
and avers that they had produced no power of attorney under seal
or otherwise, and he therefore denies that they had any power to
act for the plaintiffs in the premises.

We think there was error in suffering this plea in abatement to
be filed after the defendant had pleaded to the merits; at all
events the plea in abatement tendered an issue of fact, which
should have been determined by a jury, and it was error in
the court to take it for granted that the plaintiffs' attorneys had
no power to bind their principal upon the mere allegation of the
defendant, that they had failed to make profert of their power to
him.   Pleas in abatement must be proved, and the *onus probandi*
is upon him who pleads them.

These errors are sufficient to demand a reversal of the case,
and it is perhaps unnecessary for us to travel further through the

record ; but we think the defendant below might, under the proper pleadings, have insisted upon the production of the power under which the plaintiffs' attorneys claim to act, and the legality of using a seal, or a scroll for a seal, by a partnership firm might have been put in question. It has been very aptly remarked that the seal comes from the common law, while partnerships belong to the law merchant and not to the common law. Partnership firms have no common seal, and it is still held by this court, as in the case of Reed Bros. & Co., v. Joseph L. Levi & Co., 30 Texas Reports, p. 738, that an attachment bond executed under the fifth, tenth and twenty-sixth sections of the act of eleventh of March, 1848, must have seals, or scrolls used for seals to the names of the obligors. In the second edition of Paschal's Digest, note 1114 to Art. 5087, it is said there is a common error that this act renders seals unnecessary in bonds, attachments, bail, injunctions, appeals, writs of error, sequestrations, claims, and all other judicial proceedings ; also in official bonds, and all other legal undertakings. It should be observed that Art. 5087, only excuses the want of a seal upon contracts, bonds, or conveyances affecting real or personal property. But it has been decided in Foster against Champlin, 29 Texas Reports, page 22, and in Russell against McCampbell, Id. 37, that a seal is not necessary to appeal and writ of error bonds.

The object of this appeal is to review the rulings of the court in abating the attachment, and in so doing we have no difficulty in discovering the errors which we have already pointed out, and we have perhaps further shown that had the defendant managed his case below as he might have done, he would probably have saved the trouble and expense of defending against this appeal.

We must not be understood as holding in this opinion that a motion to quash or dismiss an attachment cannot be made *in limine,* but such a motion is directed to the legal mind of the court, and is based upon matter apparent on the record, whilst a plea in

abatement raises questions of fact not apparent from the record, and must be inquired of by a jury.

The judgment of the district court is reversed and the cause remanded. The records in Nos. 208 and 209 raise the same questions as are raised in this case, and the parties file their briefs with the request that they be considered in each of the three cases. They will therefore all abide the same judgment.

Reversed and remanded.