## FRANCIS ADAMS AND WIFE v. SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

### Decided February 3, 1904.

**1.—Receivership—Plea—Verification.**

A plea in answer to an action for injuries resulting in death, setting up, as a defense, that the road was operated by a receiver at the time the injuries were inflicted, need not be verified by affidavit.

**2.—Receivership—Pleading.**

A plea that a railway company sued for personal injuries was operated at the time by receivers appointed by a court of competent jurisdiction and who had qualified under such appointment, was sufficient though the application for receivers and their bond was not set out.

**3.—Receivers—Collusive Appointment—Burden of Proof.**

The burden was on plaintiff seeking to hold a railway company liable for injuries inflicted during its operation by receivers on the ground that they were collusively appointed, to establish that fact. Texas & P. Ry. Co. v. Gay, 86 Texas, 571, followed.

**4.—Receivership—Railway—Gross Negligence.**

A railway company is not liable under article 16, section 26 of the Constitution and articles 2901 and 2903, Revised Statutes, for exemplary damages on account of gross negligence of a receiver operating its road, where it is not liable for actual damages.

**5.—Assumed Risk.**

The rulings herein on a former appeal (San Antonio & A. P. Ry. Co. v. Adams, 11 Texas Civ. App., 198) upon assumed risk, followed.

**6.—Charge—Omission.**

Failure of the court to present certain issues in his charge is not ground for reversal in the absence of a request for instructions thereon.

**7.—Evidence.**

Proceedings subsequent to the appointment of a receiver, on which his removal was sought, are irrelevant to the issue as to whether his original appointment was collusive.

Appeal from the District Court of Lavaca. Tried below before Hon. M. Kennon.

Adams and wife appeal from a judgment for defendant in their suit against the railway company.

*H. J. Huck, Jr.,* for appellant.

*S. C. Patton,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—On the 29th day of October, 1891, Frank Adams, a brakeman on the San Antonio & Aransas Pass Railroad, in attempting to couple two freight cars, received injuries resulting in his death. October 27, 1892, plaintiffs Francis Adams and wife, his father and mother, brought this suit against the San Antonio & Aransas Pass Railway Company to recover damages on account of his death.

The injuries were occasioned by the peculiar construction of the coupling apparatus on the cars. On each side of the drawheads on each of the cars were certain iron projections which came close together when

the cars were coupled, and were between the drawheads and the outside of the car. In attempting to couple the cars, Adams was caught between these iron projections or bumpers, above the hips, and his body was crushed and fatal injuries inflicted. The pleadings of the plaintiffs are very voluminous, and the facts are pleaded very fully.

The answer of the defendant contains a general denial, and also pleas of contributory negligence, and facts are alleged which, in our opinion, are sufficient to present the issue of assumed risk. In addition, it was alleged in the answer that at the time the injuries were received the railroad was being operated by B. F. Yoakum and J. S. MacNamara, as receivers, under appointment of the District Court of Bexar County, Texas; and this being prior to the time when receivers were made liable by statute for injuries resulting in death, it was claimed that plaintiffs had no cause of action.

In reply to the defense of receivership, the plaintiffs alleged and sought to prove that the receivership was not bona fide, but was a collusive receivership, and that said receivers were, in fact, agents of the railroad company.

The court submitted all of these issues to the jury, and a general verdict was returned for the defendant.

In our opinion, the evidence was sufficient to have justified the verdict for the defendant, either upon the issue of receivership or contributory negligence or assumed risk. Twenty-seven assignments of error are presented in the brief of appellants. We do not deem it necessary or proper to discuss these in detail, as many of them present the same question in different forms, and the decision of some of them precludes a consideration of others.

It is first insisted that appellee's plea of receivership should have been supported by affidavit. The statute prescribes the cases in which this is necessary, and the case under consideration does not come within any of the provisions of the statute. Rev. Stats., art; 1265.

Several assignments of error complain that the pleadings of appellee were insufficient to show a valid receivership, because the application therefor and the bond were not set out. The allegations in this respect were sufficiently full. They alleged the appointment of the receivers by a court of competent jurisdiction, and a qualification under said appointment. This being in the nature of a collateral attack upon said judgment, we think that nothing further was required.

It is complained that the court instructed the jury that the evidence showed that the property and management of the railroad company was in the hands of receivers at the time of the accident, and that the burden of proof was upon the plaintiffs to show that the suit in which said receivers were appointed was collusively brought. In our opinion, this charge was correct. The uncontradicted evidence showed the appointment of the receivers, and that the property was placed in their control as such; and under these circumstances, we think it clearly de-

volved upon the plaintiffs to show some reason why such appointment was invalid. Texas & P. Ry. Co. v. Gay, 86 Texas, 571.

The charge of the court with reference to the collusive character of the receivership was in substantial compliance with the rules laid down by the Supreme Court in the case just cited, and we do not think there is any merit in the contention that the charge was so framed as to unduly emphasize this phase of the case, or to constitute a charge upon the weight of the evidence.

Under several assignments of error it is insisted that the railroad company was liable, whether a receivership existed or not, because the pleadings and evidence made a case of gross negligence. The contention of appellants is that under article 16, section 26 of the Constitution, and Revised Statutes, articles 2901 and 2903, a cause of action exists in case of gross negligence, notwithstanding the existence of a receivership. This proposition is denied in the case of Reitz v. City of Austin, 1 Texas Civ. App., 460, in which a writ of error was refused by the Supreme Court. This case has been overruled in some respects in subsequent cases by the Supreme Court (Flemming v. Texas Loan Agency, 87 Texas, 241; Rigdon v. Temple Waterworks Co., 11 Texas Civ. App., 545); but the doctrine that there can be no exemplary damages without actual damages has not been overthrown, notwithstanding the articles of the Constitution and statutes above cited. It may be that the pleadings and evidence in this case presented a phase of gross negligence, but the jury under proper instructions having failed to find any actual damages, no finding of exemplary damages could have been sustained, even if the issue had been submitted to the jury.

As we have already stated, the pleadings of appellee were, in our opinion, sufficient to present the issue of contributory negligence and assumed risk. The issue of contributory negligence is plead with some degree of particularity. Upon the issue of assumed risk, the pleadings of appellee are somewhat meager; but they do allege that the dangers which resulted in the injuries of the deceased were incident to his occupation and services as a brakeman. If this were true, we think the legal conclusion would follow that the deceased assumed the risk of such dangers. The charge given by the court upon these issues was substantially in accordance with the rule announced upon the former appeal of this case. Railway Co. v. Adams, 32 S. W. Rep., 735.

A number of assignments assail the charge of the court, because of the failure to present certain issues not presented in the court's general charge. No special charges were requested by appellants. It is likely that appellants, if they had requested proper charges upon some phases of the case suggested in their brief, might have been entitled to have such instructions given to the jury. We think, however, that the charge given by the court was correct, as far as it went, and was sufficiently full in the absence of any requested instructions.

Exceptions were reserved on account of the refusal to admit in evidence certain proceedings with reference to the removal of B. F. Yoakum

from the receivership. These matters all transpired long subsequent to the appointment, and we are unable to see how they could have thrown any light upon the question of collusion in the appointment of said receivers.

Other assignments of error complain of the admission and exclusion of certain evidence; and, after careful consideration, we find no error

There being no error shown, the judgment of the District Court is pointed out by any of these assignments.
affirmed.

*Affirmed.*

Writ of error refused by the Supreme Court, April 20, 1904.