International & Great Northern Railroad Company v. Mary
Ormond et al.

Decided October 13, 1909.

**1.—Capacity to Sue—Practice—Receivership.**

The plaintiffs, in an action against the receiver of a railroad company for
damages, alleged that they were duly authorized by the court in which the
receivership was pending to file said suit, but no evidence was introduced to
sustain the allegation. Held, the authorization by the court to sue related to
plaintiff's capacity to sue, and in the absence of a denial under oath by the
defendant, the allegation will be taken as true.

**2.—Parties—Receiver.**

The receiver is a proper party defendant in an action against a railroad com-
pany for damages upon a cause of action which arose before the appointment of
the receiver.

**3.—Receiver—Judgment for Costs.**

A judgment against the receiver of a corporation instead of against the
corporation itself for the costs of a suit against the corporation, is harmless
error, if error at all, when the judgment provides that such costs should be
paid in due course of the receivership.

Appeal from the District Court of Anderson County.   Tried below
before Hon. B. H. Gardner.

*King & Morris,* for appellants.—Plaintiffs' petition on its face shows
that the cause of action, if any they have, is against the International
& G. N. R. R. Co., defendant, and not against the defendant, T. J.
Freeman, Receiver, and the undisputed evidence showing that plaintiffs
had not obtained permission of the court appointing said receiver to
sue this receiver on this cause of action, it was error not to sustain
the receiver's objections to being made a party defendant herein.
Porter v. Sabin, 149 U. S., 473; Barton v. Barbour, 104 U. S., 126;
23 Am. & Eng. Ency. of Law, 1123, sec. 2, note 8.

*Thos. B. Greenwood* and *A. G. Greenwood,* for appellees.—The Acts
of Congress of 1887 and 1888 abrogated the rule that the receiver
could not be sued without leave of the court appointing him; and, as
construed by the Supreme Court of the United States, the receiver
may not only be sued upon a cause of action arising from the acts of
negligence of himself or of his own employes, but upon any and all
causes of action to establish liability against the property in his hands;
because all "actions against the receiver are in law actions against the
receivership or the funds in the hands of the receiver," and all suits
alike are "subject to the general equity jurisdiction of the court in
which such receiver was appointed, so far as the same shall be neces-
sary to the ends of justice."   Sec. 3, Acts of Congress of March 3,
1887, and August 13, 1888; 24 U. S. Statutes at Large, 554; 25 U.
S. Statutes at Large, 436; Bates' Federal Procedure, sec. 604, pp. 641,
642; McNulta v. Lochridge, 141 U. S., 327, 35 L. ed., 800; Gable-
man v. Peoria, D. & E. Ry. Co., 179 U. S., 335, 45 L. ed., 222; San
Antonio & A. P. Ry. Co. v. Adams, 24 S. W., 840; Dallas Consol.

Trac. Ry. Co. v. Hurley, 31 S. W., 73, 76; Dillingham v. Russell, 73 Texas, 50; Peoples v. Yoakum, 25 S. W., 1002.

The appellant, T. J. Freeman, as receiver, was a proper party to appellees' suits against the railroad company and the receiver to recover the damages sustained by them from the negligence of the railroad company prior to the appointment of the receiver, and the receiver is bound by the adjudication of the amounts of appellees' damages. Dallas Consol. Trac. Ry. Co. v. Hurley, 31 S. W., 73, 76; San Antonio & A. P. Ry. Co. v. Adams, 24 S. W., 839, 840, 841; Howe, Receiver, v. Harding, 76 Texas, 17, 24; Texas & P. Ry. Co. v. Johnson, 76 Texas, 434, 435; Dillingham v. Russell, 73 Texas, 50; Peoples v. Yoakum, 25 S. W., 1002.

If the appellees were not entitled to maintain their suits against the receiver without leave from the Circuit Court, still the receiver could not derive any benefit therefrom in the absence of proper pleas under oath. In the absence of such pleas, it did not devolve upon appellees to prove the facts averred, showing their legal capacity to maintain their suits and showing the legal capacity of the receiver to defend the causes of action sued on. Art. 1265 R. S.; McCrary v. City of Comanche, 34 S. W., 679, 680; McCormick v. Jester, 115 S. W., 286, 287; Young v. Meredith, 85 S. W., 32; Barton v. Davidson, 45 S. W., 401; Jones v. Meyer Bros. Drug Co., 61 S. W., 554, 555; Crouch v. Posey, 69 S. W., 1003; Kaack v. Stanton, 112 S. W., 706; Gulf, C. & S. F. Ry. Co. v. Edloff, 34 S. W., 416; Fordyce v. Dixon, 70 Texas, 696.

JAMES, CHIEF JUSTICE.—Two actions against the International & Great Northern Railroad Company and its receiver, Thomas J. Freeman, one in favor of Mary Ormond and the other in favor of Ada Ormond, were consolidated and tried together, the judgment being in favor of Mary Ormond for $4,500 and in favor of Ada Ormond for $3,000 against the railway company, and further ordering that plaintiffs recover of the company and of the defendant T. J. Freeman as receiver all costs to be paid in due course of the receivership, and that these judgments be certified for classification and payment to the Circuit Court of the United States where the receivership is pending. Both actions were for damages for personal injuries alleged to have been sustained by the plaintiffs respectively in a derailment of the train upon which they were passengers.

We conclude that the amounts of damages awarded were not excessive and overrule the assignment of error which proceeds upon that ground.

There is no assignment of error questioning the judgment on account of the want of evidence to show that the injuries were due to the carrier's negligence.

Under the first, second and third assignments of error we have the following propositions to deal with:

1st. That the causes of action having arisen prior to the receivership, the railway company was alone liable, and it was error to hold the receiver a party to the suit.

2d. The pleadings showing that the cause of action was against the

railway company, and not against the receiver, and the undisputed evidence showing that plaintiffs had not obtained permission of the court appointing the receiver to sue the receiver on this cause of action, it was error to not sustain the receiver's objection to being made a party to this suit; and,

3d. The receiver was not a necessary nor proper party in this cause, and it was error for the court to refuse to sustain his objection to being made a party.

It appears from the pleadings of plaintiffs that Mr. Freeman was, by the Circuit Court of the United States for the Northern District of Texas, appointed receiver of the defendant railway company's property after the happening of the accident, and there was also this further allegation in the petitions, viz.: That on the 20th day of April, 1908, said Circuit Court entered an order expressly authorizing and empowering the said T. J. Freeman as such receiver to defend any and all actions which had been theretofore brought seeking to establish any claim or demand against the property in the hands of the receiver, including the claim and demand of plaintiffs, and thereby said court expressly authorized the prosecution and maintenance of this suit against the receiver as well as its defense by him.

It appears that there was no evidence introduced in reference to such an order of the Circuit Court.

The proposition that it was necessary for plaintiffs to prove, as well as to allege, the authorization of the Circuit Court for the receiver to be sued on the cause of action, is sufficiently met by appellees with the proposition that it was not necessary to establish the allegation by evidence as the same related to plaintiff's capacity to sue the receiver, and such matter is not required to be verified by proof when there is no sworn denial of it, under the procedure prescribed by our statute.

The receiver was a proper party defendant. (Railway v. Hurley, 32 S. W., 73.) He stands in the place of the corporation with respect to the question of liability. (McNulta v. Lochridge, 141 U. S., 327.) The Circuit Court's order, which was alleged but not denied under oath, was for the purposes of the trial and judgment admitted to be as alleged. This disposes of all the appellant's propositions.

The petitions prayed that plaintiffs recover of the International & G. N. R. R. Co. the damages claimed and that the amounts of the demands against the receivership be liquidated and established as such sums, and for the costs of suit. The judgment as rendered is against the corporation alone, except in the matter of the costs, which clause of the judgment reads: "It is further ordered that the plaintiffs recover of the defendant I. & G. N. R. R. Co. and of the defendant T. J. Freeman, as receiver of the property of said company, all costs herein, to be paid in due course of the receivership of the property of said Company." There is no proposition in appellant's brief complaining of this, but the brief mentions it as an error, in so far as it is a judgment against the receiver. If error at all, it is in our opinion a mere formal and harmless one. The adjudication of the costs is against him as receiver of the corporation's property to be paid

in due course of the receivership. This would have been the effect of the adjudication had it been against the corporation only and had not professed to be against the receiver, and therefore we perceive nothing in this matter which prejudicially affects the receivership, or of which the receiver may justly complain. The judgment is affirmed.

*Affirmed.*