INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. V. MINNIE LOU BRADT ET AL.

Decided October 13, 1909.

**1.—Plea in Abatement—Capacity to Sue—Receiver.**

In a suit against the receiver of a railroad company appointed by a Federal Court, an allegation in the petition that permission to sue the receiver had been obtained from the court appointing him, will be taken as true in the absence of a plea or exception duly verified by oath.

**2.—Negligence—Pleading—Proof.**

In a suit against a railroad company for damages for the death of an engineer caused by running into an open switch at night, the plaintiffs alleged that the defendant company had failed to inspect its track and switch and had negligently and recklessly failed to discover the state of the switch and provide any warning to the deceased of the fatally dangerous condition thereof. Held, the allegation was sufficient to admit proof of a failure to have lights at the switch as had been the custom of the defendant.

**3.—Same.**

When the defendant, by its pleading, charged a deceased engineer with negligence in failing to heed the warning given by the switch targets as to the condition of the switch, it was permissible for the plaintiffs to prove that that switch had no targets or signals.

**4.—Master and Servant—Negligence of Servant.**

When the evidence tended to show that a railroad switch was left open or unlocked through the negligence of an employee of the railroad company, the court was authorized to charge, in a suit for damages resulting therefrom, that the negligence of the employee was the negligence of the company, and this, though the plaintiffs alleged that the defendant company was negligent.

**5.—Negligence—Open Switch—Burden of Proof.**

When plaintiffs in a suit for damages for the death of a locomotive engineer caused by running into an open switch, proved that the death of the engineer was so caused, they made a case against the defendant company, and the burden of proof then rested on it to account for the unsafe condition of the switch.

Appeal from the District Court of Anderson County. Tried below before Hon. B. H. Gardner.

*King & Morris,* for appellants.—Plaintiffs' petition on its face shows that the cause of action, if any they have, is against the I. & G. N. R. R. Co., defendant, and not against the defendant T. J. Freeman, receiver, and the undisputed evidence showing that plaintiffs had not obtained permission of the court appointing said receiver to sue this receiver on this cause of action, it was error not to sustain the receiver's objection to being made a party defendant herein. Porter v.

Sabin, 149 U. S., 473; Barton v. Barbour, 104 U. S., 126; 23 Am. & Eng. Ency of Law, p. 1123, sec. 2, note 8.

The appellees in their petition allege specific acts of negligence, and do not allege as one of the acts of negligence the failure of appellant I. & G. N. R. R. Co. to provide and keep on its switch-stand switch-lights where the wreck occurred, and evidence having been admitted, over the objection of appellants, that such stand was not provided with a switch light, it was error for the court to refuse to give special charge number 3 requested by appellants, wherein the jury is instructed not to regard any evidence showing that no such lights were kept at said point in passing upon the liability of said defendants. Missouri Pac. Ry. Co. v. Hennessey, 75 Texas, 155; Houston, E. & W. T. Ry. Co. v. Summers, 92 Texas, 621; Galveston, H. & S. A. Ry. Co. v. Herring, 36 S. W., 129; Johnson v. Galveston, H. & N. Ry. Co., 66 S. W., 906.

The court erred in that portion of its charge which reads as follows: "Negligence, if any, upon the part of any employe of the defendant railroad company, if same is shown by the testimony to be the proximate cause of the death of deceased, Sam Bradt, in the manner complained of, would in law be the negligence of the defendant railroad company, for which the said railroad company would be liable, unless said death was caused in part by said Bradt's own negligence or contributory negligence, as those terms have heretofore been explained to you." Dallas Consd. Elec. St. Ry. v. Lytle, 106 S. W., 900; Galveston, H. & S. A. Ry. v. Faber, 77 Texas, 153; Johnson v. Galveston, H. & N. Ry., 66 S. W., 906; Atchison, T. & S. F. Ry. v. Sowers, 99 S. W., 190.

Appellees having introduced no evidence as to the cause of the switch being cocked or split, but relying upon such a condition of the switch as a presumption of negligence in order to establish the negligence of appellants, and this presumption, if any, having been fully met by evidence to the effect that said switch was not cocked or left cocked by any act of negligence of the appellants, there was an entire lack of evidence on the part of appellees to establish negligence, and therefore the judgment is erroneous, and the motion for new trial should have been granted. Johnson v. Galveston, H. & N. Ry. Co., 66 S. W., 906; Missouri, K. & T. Ry. v. Greenwood, 89 S. W., 810; Missouri, K. & T. of Texas Ry. v. Crowder, 55 S. W., 380; Texas & N. O. Ry. v. Crowder, 63 Texas, 502; Mexican Cent. Ry. v. Lauricella, 87 Texas, 277.

*Thos. B. Greenwood* and *A. G. Greenwood,* for appellees.—The Acts of Congress of 1887 and 1888 abrogated the rule that the receiver could not be sued without leave of the court appointing him; and, as construed by the Supreme Court of the United States, the receiver may not only be sued upon a cause of action arising from the acts of negligence of himself or of his own employes, but upon any and all causes of action, to establish liability against the property in his hands, because all "actions against the receiver are in law actions against the receivership or the funds in the hands of the receiver," and all suits alike are "subject to the general equity jurisdiction of the

court in which such receiver was appointed, so far as the same shall be necessary to the ends of justice." Section 3, Acts of Congress of March 3, 1887, and August 13, 1888, 24 U. S. Statutes at Large, 554; 25 U. S. Statutes at Large, 436; Bates Federal Procedure, sec. 604, pp. 641, 642; McNulta v. Lochridge, 141 U. S., 327, 332, 35 L. ed., 800; Gableman v. Peoria, D. & E. Ry. Co., 179 U. S., 335, 45 L. ed., 222; San Antonio & A. P. Ry. Co. v. Adams, 24 S. W., 840; Dallas Consol. Trac. Ry. Co. v. Hurley, 31 S. W., 73, 76; Dillingham v. Russell, 73 Texas, 50; Peoples v. Yoakum, 25 S. W., 1002.

The appellant, T. J. Freeman, as receiver, was a proper party to appellees' suit against the railroad company and the receiver, to recover the damages sustained by them, from the negligence of the railroad company prior to the appointment of the receiver, and the receiver is bound by the adjudication of the amount of appellees' damages. Dallas Consol. Trac. Ry. Co. v. Hurley, 31 S. W., 73, 76; San Antonio & A. P. Ry. Co. v. Adams, 24 S. W., 839, 840, 841; Howe, Receiver, v. Harding, 76 Texas, 17, 24; Texas & P. Ry. Co. v. Johnson, 76 Texas, 434, 435; Dillingham v. Russell, 73 Texas, 50; Peoples v. Yoakum, 25 S. W., 1002.

If the appellees were not entitled to maintain their suit against the receiver, without leave from the Circuit Court, still the receiver could not derive any benefit therefrom, in the absence of a proper plea, under oath. In the absence of such plea, it did not devolve upon appellees to prove the facts averred, showing their legal capacity to maintain their suit, and showing the legal capacity of the receiver to defend the cause of action sued on. Art. 1265 Rev. Stats.; McCrary v. City of Comanche, 34 S. W., 679, 680; McCormick v. Jester, 115 S. W., 286, 287; Young v. Meredith, 85 S. W., 32; Barton v. Davidson, 45 S. W., 401; Jones v. Meyer Bros. Drug Co., 61 S. W., 554, 555; Crouch v. Posey, 69 S. W., 1003; Kaack v. Stanton, 112 S. W., 706; Gulf, C. & S. F. Ry. Co. v. Edloff, 34 S. W., 416; Fordyce v. Dixon, 70 Texas, 696.

The appellees in their petiton alleged, among the "specific acts of negligence," causing the death of Sam Bradt, that the company "had negligently and recklessly failed to provide any warning to the said Sam Bradt of the fatally dangerous condition" of the switch which wrecked his train, and this allegation was directly supported by proof that the company had nothing at the switch to give any real warning of its cocked condition, at night, though there was a simple and cheap and effective appliance, to wit: colored lights, to give such warning, which the company itself used on other switches, to render them reasonably safe. Under appellee's pleadings, it was an issue as to whether the appellant railroad company used ordinary care to render this switch reasonably safe by giving warning of its condition, when dangerous. The proof objected to positively sustained the negative of this issue. as tendered by appellees. Abilene Cotton Oil Co. v. Briscoe, 66 S. W., 316, 317, writ of error refused; International & G. N. R. R. Co. v. Johnson, 55 S. W., 794; Gulf, C. & S. F. Ry. Co. v. Walker, 70 Texas, 128, 129; St. Louis & S. F. Ry. Co. v. George, 85 Texas, 153 to 156; Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 61; Texas & N. O. Ry. Co. v. Tatman, 31 S. W., 333, 334; Missouri, K. & T. Ry. Co.

of Texas v. Miller, 61 S. W., 978; Kirby Lumber Company v. Dickerson, 94 S. W., 156; Lyon v. Bedgood, 117 S. W., 900; St. Louis A. & T. Ry. Co. v. Johnston, 78 Texas, 536.

The negligence plead and proved, consisting of a failure to exercise ordinary care to render the track reasonably safe, by causing or permitting the switch to be unlocked and cocked, without proper inspection or warning, it was not error to charge that such negligence upon the part of any employe would in law be the negligence of the railroad company, because the negligence of the servant, in any of these particulars, was the negligence of the railroad company, under the well-settled law of Texas. The duties violated were non-delegable. Houston & T. C. Ry. Co. v. O'Hare, 64 Texas, 600, 601, 602; Houston & T. C. Ry. Co. v. Dunham, 49 Texas, 188, 189; St. Louis & S. F. Ry. Co. v. George, 85 Texas, 155, 156; Galveston, H. & S. A. Ry. Co. v. Parsley, 25 S. W., 65; Southern Pac. Ry. Co. v. Markey, 19 S. W., 392, 393; Galveston, H. & S. A. Ry. Co. v. Daniels, 20 S. W., 957; Terrell Compress Co. v. Arrington, 48 S. W., 59; Missouri, K. & T. Ry. Co. v. Romans, 114 S. W., 159; Missouri, K. & T. Ry. Co. v. Wise, 106 S. W., 467.

FLY, ASSOCIATE JUSTICE.—This is a suit by the mother, widow and minor children of Sam Bradt against the International & Great Northern Railroad Company and Thomas Freeman, receiver thereof, for damages resulting from his death. The cause was tried by jury and resulted in a verdict and judgment in favor of appellees for $20,000, apportioned as follows: To the widow, Mrs. Minnie Lou Bradt, $7,000; to the mother, Mrs. Jennie Bradt, $3,000, and to each of the two minors, $5,000. No complaint is made as to the amount of the verdict.

The facts disclose that Sam Bradt, an engineer in the service of the railroad company, while in the faithful discharge of his duties, was so injured that he died, the injuries resulting from the derailment of the locomotive which he was running, through the negligence of the railroad company. Freeman was afterwards appointed receiver by a federal court.

The first, second and third assignments of error attack the action of the trial court in overruling the general and certain special exceptions to the petition presented by the receiver. The position is taken that the receiver could not be sued without the consent of the federal court by which the receivership was created, and that the cause of action having accrued prior to the appointment of the receiver, he was not a necessary or proper party. It was alleged in the petition that permission to sue the receiver had been obtained from the court appointing him, and there was no plea under oath denying the capacity or right of appellees to sue, and the allegation would be sufficient without proof. The exceptions attacked the power of the appellees to sue without an order from the federal court, and they were not verified by oath, and in the absence of such verification the allegation will be taken as true. Article 1265, Rev. Stats.; Young v. Meredith, 38 Texas Civ. App., 59.

The fifth assignment of error is overruled. The petition alleged,

among other things, that the railroad company had failed to inspect its track and switch, "and negligently and recklessly failed to discover the state of the switch and provide any warning to the said Sam Bradt of the fatally dangerous condition thereof." In connection therewith, appellees were permitted to prove that colored lights had been used at switches by the railroad company to show how the switch was set, and that they were efficacious, but failed to have the switch in question so guarded. We think the allegation of a failure to give warning of the condition of the switch at night was sufficient to justify the admission of proof of a failure to have lights at the switch as had been the custom. In addition, appellants alleged that it was the duty of deceased engineer to ascertain whether the switch was properly set, and that certain targets, half red and half white, gave warning of the condition of the switch, and charged deceased with negligence in not heeding the warning, and appellees, in answer to that charge, had the right to prove the failure to have the proper signals at the switch, which at night would consist of red and white lights. The evidence was admissible.

The evidence raised the issue as to the switch having been left open by some one in possession of a switch key, and it appeared that no one but employes had such keys. There was no lock on the switch, the displacement of which caused the derailment, but the lock securely locked was found near the switch, and the switch was partly thrown. There was nothing to indicate the intervention of an outside party. Under such circumstances it was not error to charge that negligence of a servant was negligence of the master. Appellees had charged that the death of Sam Bradt had been caused by the negligence of the railroad company, and if there was any evidence tending to show that the negligence was that of a servant of the company the court was authorized to instruct the jury that such negligence was the negligence of the master.

The evidence showed that Sam Bradt was an engineer in the employment of the railroad company, and came to his death by a derailment of his train which was caused by a misplaced, unlocked switch. He was not shown to have been guilty of negligence. It was about 2:30 o'clock in the morning when the wreck occurred. There is no dispute that the switch was unlocked. Whose business was it to keep it in a secure condition? Undoubtedly it was the duty of the railroad company. It was negligence to have the switch in such condition that employes, in discharge of their duty of running trains, would rush to destruction. When appellees proved that the death of Sam Bradt had been caused by a displaced, unlocked switch, they made a case of negligence against the railroad company, because the duty rested on it to furnish safe appliances with which its employes could perform their duties, and the burden rested on it to account for the unsafe condition of the switch. It failed to do so, and the jury were justified in finding it guilty of negligence. The judgment is affirmed.

*Affirmed.*

Writ of error refused.