ANDREWS v. JETER & CO.   (No. 5376.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 9, 1914.)

RECEIVERS (§ 174*)—ACTION AGAINST RECEIVER—PERMISSION OF COURT.

A consignee's cause of action to recover for loss of a consignment of goods not growing out of or connected with the carrying on of the business of a railway as to which the receiver may be sued under Act March 3, 1911, c. 231, § 66, 36 Stat. 1104 (U. S. Comp. St. 1913, § 1048), providing for suits against a receiver appointed by any court of the United States without leave of court, subject to the general equity jurisdiction of the court, but accruing before his appointment, could not be maintained without previous permission of the court appointing him.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. § 174.*]

Appeal from Refugio County Court; Leslie Adkins, Judge.

Action by Jeter & Co. against Frank Andrews, receiver. Judgment for plaintiff in justice's court was affirmed on appeal to the county court, and defendant appeals. Reversed, and cause ordered dismissed.

Claude Pollard, of Kingsville, and Robt. W. Stayton and David M. Picton, Jr., both of Corpus Christi, for appellant.

CARL, J. Appellee, Jeter & Co., sued Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, on December 15, 1913, in the justice's court to recover $196.30 on a claim for loss of part of a shipment of goods which arrived at Refugio March 6 or 7, 1913. The value of the goods lost is placed at $154.70, $1.60 proportionate amount of freight paid on same, and $40 for loss of sales or profit on same. Jeter & Co. recovered the full amount in that court, and, on appeal to the county court, again prevailed for the full amount claimed.

The goods claimed to have been lost were a part of a larger shipment alleged to have been consigned to appellee by Curlee Clothing

Company of St. Louis, Mo., about February 21, 1913.

Frank Andrews was shown, by a certified copy of the order and decree of the District Court of the United States for the Southern District of Texas, at Houston, in equity cause No. 36, to have been appointed receiver of the St. Louis, Brownsville & Mexico Railway Company on July 5, 1913; and it is plain that the cause of action here sued upon accrued prior to that date. It is clear that the claim sued upon is not such a one growing out of or connected with the carrying on of the business of the railway as is provided the receiver may be sued on under the U. S. Statutes of March 3, 1911, § 66, but is a cause of action against the railway company accruing before the appointment of the receiver. No permission of the court appointing the receiver was obtained before bringing the suit; nor, indeed, has that ever been done. This being true, this suit could not be maintained. It is not necessary to say more in this opinion than that this case is fully covered by the case of St. Louis, Brownsville & Mexico Railway v. Knowles, 171 S. W. 245, decided by this court on November 11, 1914, and not yet officially reported.

The judgment is reversed, and the cause ordered dismissed.