SCHAFF v. NASH et al. (No. 1103.)

(Court of Civil Appeals of Texas. Amarillo. March 14, 1917.)

**1. APPEAL AND ERROR ⬗⬗679(1)—OVERRULING PLEA IN ABATEMENT—NATURE OF ORDER.**

Record showing that the court, "after having read said plea (in abatement), * * * was of the opinion that said plea is not well taken, * * * and it is therefore ordered * * * that said plea in abatement be and the same is in all things hereby overruled," held not to show a sustaining of exception to the plea, but overruling the plea on its merits, and if in fact the action was a sustaining of an exception, it was the party's duty to see that the record clearly stated it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2878, 2879.]

**2. PLEADING ⬗⬗110 — WAIVER OF PLEA IN ABATEMENT.**

The mere filing of a plea in abatement without sustaining the allegations amounts to a waiver of the plea, and where it occurs, the overruling of the plea is not erroneous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 231–233.]

**3. RECEIVERS ⬗⬗183—ACTION AGAINST—ALLEGATION OF TIME.**

Petition alleging cause of action against receivers, giving date of injury and justifying inference that it arose during receivership, was not demurrable for failing to specifically allege that fact.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366.]

**4. RECEIVERS ⬗⬗183 — ACTION AGAINST — PLEADING RECEIVERSHIP.**

While in action by receiver, pleadings should show authority to sue in that capacity, in a suit against receivers, it is sufficient to allege that defendants are receivers of a named corporation.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366.]

**5. RECEIVERS ⬗⬗183 — ACTION AGAINST — PLEADING DAMAGE DURING RECEIVERSHIP.**

Petition charging that receivers were responsible for damages claimed sufficiently alleged that the damage occurred during the receivership.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366.]

**6. RECEIVERS ⬗⬗183 — ACTION AGAINST — NECESSITY OF SPECIAL DENIAL OF CAPACITY.**

In absence of a special plea denying defendants' capacity as receivers, proof to sustain such allegations was not required, and a general demurrer does not sufficiently raise the question.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366.]

**7. RECEIVERS ⬗⬗183—PLEADING CAPACITY—NECESSITY OF VERIFICATION—STATUTE.**

Vernon's Sayles' Ann. Civ. 1914, art. 1906, prescribing cases in which pleas must be verified, does not apply to special pleas denying defendants' capacity as receivers.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366.]

**8. PLEADING ⬗⬗110—EFFECT OF OVERRULING PLEA IN ABATEMENT—ADMISSION OF ALLEGATION.**

Where plea in abatement to allegation of damages occurring during receivership was not stricken on exceptions, but overruled because of lack of proof, it was an admission of facts alleged in petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 231–233.]

**9. RECEIVERS ⬗⬗183—APPOINTED BY FEDERAL COURT—ACTION AGAINST—PLEADING COURT'S PERMISSION TO SUE.**

In suing a receiver appointed by a federal court for damages occurring prior to receivership, pleading must allege permission of court to bring suit, and otherwise would be subject to general demurrer.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366.]

**10. RECEIVERS ⬗⬗183 — ACTION AGAINST — RECOVERY.**

It was error to sustain exception to receivers' answer alleging occurrence of injury before appointment, since, if plaintiff could recover for such damages, he could recover against the railway company although the receiver was a proper party.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366.]

Appeal from Hemphill County Court; J. L. Jennings, Judge.

Suit by George J. Nash and others against C. E. Schaff and others. Judgment for plaintiffs against defendant named but in favor of all other defendants and defendant named appeals. Affirmed. On motion for rehearing, former opinion withdrawn, judgment reversed and cause remanded.

Hoover & Dial, of Canadian, and A. H. McKnight, of Dallas, for appellant. Baker & Willis, of Canadian, for appellees.

HALL, J. Appellee Nash sued the Panhandle & Santa Fé Railway Company, the Ft. Worth & Denver City Railway Company, the Missouri, Kansas & Texas Railway Company, and the appellant, Schaff, as receiver of the last-named road, to recover damages alleged to have resulted in the shipment of a horse from Denton, Tex., to Miami, Tex. It is alleged that on account of the negligence of the defendants and each of them, while transporting said horse it received internal injuries which caused its death. The animal is valued at $200, and $23 additional is claimed as the amount paid a veterinarian in an attempt to save its life. Defendant Schaff, as receiver, filed his plea in abatement, setting up his appointment as such receiver by the District Court of the United States for the Northern District of Texas, alleging such appointment to have been made September, 25, 1915; that as shown by plaintiff's petition the injury complained of was sustained on July 12, 1915, prior to his appointment as such receiver; that since the cause of action accrued prior to his appointment, he could not be sued for damages without leave of the United States District Court for the Northern District of Texas, and such leave had not been obtained. The service on the Missouri, Kansas & Texas Railway Company was defective, and the plaintiff proceeded to trial without the company being a defendant. In addition to his plea in abate-

ment, Schaff, the receiver, filed an answer, consisting of a general demurrer, special exception, general denial, and alleging that the injury complained of by plaintiff was sustained prior to his appointment and qualification as receiver. The defendants Ft. Worth & Denver City Railway Company and Pecos & Santa Fé Railway Company filed a joint answer, which consisted of a general demurrer and general denial. The trial, before a jury, resulted in a verdict and judgment in favor of all defendants except appellant, and against him for the sum of $188.50.

[1] The first error assigned is that the court erred in overruling and not sustaining defendant's plea in abatement. The proposition urged is that a receiver of a railway company, under the laws of the state of Texas, cannot be sued for damages alleged to have been sustained prior to his appointment as such receiver, without first obtaining leave of the court in which the proceedings are pending to file such suit, and the plaintiff's petition in this case failing to show when the receiver was appointed, and the plea in abatement duly verified setting up the fact that the receiver was appointed subsequent to the time of the injury, which was not denied, it was error for the court to permit the plaintiff to proceed against the receiver, and therefore the court erred in overruling the plea in abatement. In the motion for rehearing, in this connection, appellant asserts that the appellees' exceptions to appellant's plea in abatement were sustained. The record does not support this contention. On the contrary, the only judgment of the court in any way referring to the plea in abatement is as follows:

"When there came on to be considered by the court the plea in abatement of the defendant, C. E. Schaff, as receiver of the Missouri, Kansas & Texas Railway Company of Texas, and the court, after having read said plea, and having heard the argument of counsel, both for and against the same, is of the opinion that said plea is not well taken, and it is therefore ordered, adjudged, and decreed by the court that said plea in abatement be and the same is in all things hereby overruled, to which action of the court in overruling said plea in abatement the said defendant C. E. Schaff, as receiver, as aforesaid, then and therein open court duly excepted."

[2] This is certainly not an order sustaining an exception to the plea, but is a judgment overruling it upon its merits. The record fails to show that any evidence was introduced to sustain its allegations. The only inference to be drawn from the record is that the appellant relied on the plea alone without introducing any evidence other than to make profert of the plea. If it is a fact that the court only sustained an exception to the plea, it was the duty of appellant to see that the record correctly reflected the court's action. The mere filing of a plea in abatement, without sustaining the allegations made by competent testimony, is tantamount to a waiver of the plea. Graves v. Bonham

First National Bank, 77 Tex. 555, 14 S. W. 163; Hart v. Kanady, 33 Tex. 720; Robertson v. Ephriam, 18 Tex. 118; Mangum v. Lane City Rice Milling Co., 95 S. W. 605; Gulf, etc., Ry. Co. v. Weddington, 31 Tex. Civ. App. 235, 71 S. W. 780; Hopson v. Caswell, 13 Tex. Civ. App. 492, 36 S. W. 313. Appellant having waived the plea, as shown by this record, by failure to sustain its allegations by proof the court did not err in overruling it.

[3] By his second assignment of error appellant insists that the court erred in not sustaining his general demurrer to the plaintiff's petition, because said petition should have alleged that the cause of action arose subsequent to the appointment of a receiver, and the plaintiff's petition in this case, failing to so allege, was subject to the general demurrer. Appellant cites no authority sustaining this assignment. We think the defect, if a defect, was not one which could be reached by general exception. The petition alleged a cause of action and gave the date of the injury complained of, and the action is against appellant as receiver. The inference from the facts alleged is that the damages occurred during the receivership and were chargeable to the receiver.

By his third assignment, appellant insists that the court erred in not sustaining his special exception to the plaintiff's petition, to the effect that the petition fails to allege the appointment and qualification of Schaff as receiver of the railway company, and therefore it could not be determined from the petition whether the injury complained of was sustained prior to the appointment and qualification of appellant, as receiver, or thereafter. Appellee's allegation as to the official capacity of Schaff is as follows:

"Geo. J. Nash, who resides in Wheeler county, Tex., hereinafter styled plaintiff, complaining of the Missouri, Kansas & Texas Railway Company of Texas, a corporation duly incorporated by law, and of its receiver, C. E. Schaff," etc.

[4] In a suit instituted by a receiver he should generally show by his pleadings his authority to sue in such capacity, but when the suit is against the receiver, an allegation that he is the receiver of a named corporation is sufficient. 34 Cyc. 408.

[5, 6] The petition charges that the defendants, and each of them, are responsible for the damages alleged, and this is a sufficient allegation that the damages occurred during the receivership. St. Louis, B. & M. Ry. Co. v. Knowles, 171 S. W. 245. In the absence of a special plea denying the capacity in which he was sued, plaintiff was not required to prove that Schaff was receiver of one of the defendant railway companies, the rule being that when the capacity in which a party sues or is being sued is not denied by a special plea, proof to sustain the allegation is not required, and a general demurrer does not raise the issue. 34 Cyc. 442; Tolbert v. McBride, 75 Tex. 95, 12 S. W. 753; Cheatham v. Riddle, 12 Tex. 112; Clif-

ton v. Lilley, 12 Tex. 134; I. & G. N. Ry. Co. v. Bradt, 57 Tex. Civ. App. 82, 122 S. W. 59; I. & G. N. Ry. Co. v. Ormond, 57 Tex. Civ. App. 79, 121 S. W. 899; Spelman v. Delano, 177 Mo. App. 28, 163 S. W. 302; McNulta v. Lockridge, 137 Ill. 270, 27 N. E. 452, 31 Am. St. Rep. 362; 8 Enc. Pl. & Pr., 685. In the Cheatham Case, supra, the question was squarely before the court, and Wheeler, Justice, after stating the former English rule, said:

"But these useless distinctions have been abolished in England by the recent rules, * * * and now in all actions by or against executors or administrators the character in which the plaintiff sues or the defendant is sued cannot, in any case, be considered as in issue, unless specially denied, * * * and it has been held in this country that unless the defendant's right to sue as executor or administrator is put in issue by the defendant's plea, it will be deemed to have been admitted. * * * This rule is convenient in practice; and, it is conceived, is in consonance with principle, especially under our system of pleading, which requires such specialty in pleading as will apprise the adverse party of the matters of fact intended to be relied on in evidence, and the practice is believed to have been, not to require the plaintiff to prove his representative character, * * * unless it is controverted by the pleading of his adversary," etc.

In the Tolbert Case, supra, the court said:
"Appellant insists that there was error in the judgment because there was no proof that he was the administrator of the estate. No such proof was required. He had not put the matter in issue by a special plea that he was not the administrator, and the general denial did not put the fact in issue. 3 Wait's Act. & Def. 270; Williams, Executors, 1654, 1655; 3 Chit. Bl. Comm. 940, note; Cheatham v. Riddle, 12 Tex. 112."

In the Spelman Case, supra, Trimble, Justice of the Kansas City Court of Appeals, said:
"The point is first made that the case cannot be affirmed because there was no proof that the defendants, the receivers, were in charge of and operating the road; but the petition alleged that they were, and this was not denied nor put in issue by a special plea. * * * When the general issue alone is pleaded, it does not put in issue either the character in which the plaintiff sues or the character or capacity in which the defendant is sued. * * * The fact that the receivers were in charge and operating the road being thus impliedly admitted, plaintiff was not required to prove such allegation. * * * This was true at common law, and it is equally so under the Code. Baxter v. St. Louis Transit Co., 198 Mo. loc. cit. 6, 95 S. W. 856." 7 Stand. Proc. 72, 73, and authorities cited.

[7] While the Bradt and the Ormond Cases, supra, seem to hold that the allegation in the plea denying the capacity of the plaintiff must be verified under the statute in order to put plaintiff upon proof, as we understand the common-law rule, a special plea without verification is all that is required. The contrary rule seems to have been announced in Kirby Lbr. Co. v. Cunningham, 154 S. W. 292, and in American L. & M. Co. v. Bangle, 153 S. W. 663, but in neither of these cases is there any citation of authorities sustaining

the position. Both opinions are based upon article 1265, Revised Statutes, which is article 1906, Vernon's Sayles' Civil Statutes. This particular article of the statute, in our opinion, has no application to such a state of pleading. Adams et ux. v. S. A. & A. P. Ry. Co., 34 Tex. Civ. App. 413, 79 S. W. 79.

[8] Even if we should hold that the rule ordinarily requires appellee to allege and prove the appointment and qualification of the receiver, appellant in this case has relieved him of that duty by making the necessary allegation. Since the plea in abatement was not stricken on exceptions, but was overruled apparently because proof was not introduced to sustain it, it must be taken as an admission of the facts therein alleged. H., E. & W. T. Ry. Co. v. Waltman, 132 S. W. 518.

[9] If plaintiff's petition had shown that he was suing a receiver appointed by a federal court for damages accruing prior to the receivership, the pleading would have been subject to a general demurrer unless it had also been alleged that permission of the federal court had first been obtained to sue Schaff. Andrews v. Jeter, 171 S. W. 838.

[10] By his fourth assignment the proposition is urged that the court should not have sustained appellees' special exception to the third paragraph of appellant's answer, wherein it is alleged that the injury complained of by appellee, if sustained at all, was sustained prior to the appointment and qualification of Schaff as receiver. If appellee was entitled to recover the damages accruing prior to the appointment of Schaff, as receiver, they were recoverable against the railway company, although the receiver was a proper party to the suit. I. & G. N. Ry. Co. v. Ormond, supra; Dallas Consolidated Traction Railway Co. et al. v. Hurley et al., 10 Tex. Civ. App. 246, 31 S. W. 73.

Because the court erred in sustaining the exception to this allegation, the motion for rehearing is granted, our former opinion is withdrawn, and the judgment is reversed, and the cause remanded.