## JENNEY v. JACKSON.
### No. 1097.

Court of Civil Appeals of Texas. Waco.

Feb. 4, 1932.

S. P. Sadler, of Dallas, for appellant.

Walter B. Branan, of Dallas, for appellee.

BARCUS, J.

In June, 1929, appellant while driving his automobile had a collision with J. H. Jackson's car while he was driving same. As a result thereof, Jackson's automobile was demolished and he was fatally injured and, after lingering one week in the hospital, died. Jackson left as his sole surviving heir appellee, an adult daughter. She instituted this suit against appellant to recover the value of the automobile which belonged to her father and $890.49, the amount she paid for her father's doctors, nurses, hospital, and funeral bills occasioned by said injury, and $10,000 actual damages and $10,000 exemplary damages. She alleged that her father had been contributing toward her support and would have continued but for his untimely death.

In response to special issues, the jury found that the automobile was worth $150 immediately before the collision and was of no value thereafter; that the reasonable doctors', nurses', hospital, and funeral bills that had been incurred and paid by appellee was $890.-49; that Mr. Jackson had not contributed anything to appellee's support. It further found that appellee was entitled to $1,500

exemplary damages. Based on the answers of the jury, the trial court entered judgment for appellee for the total amount of said findings.

Appellant contends that since the jury found Mr. Jackson did not contribute to the support of appellee, she was not therefore as a matter of law entitled to recover any of the amounts sued for; his contention being that before an adult daughter can recover for the death of her father she must show that he contributed to her support and would likely contribute thereto in the future.

Appellee instituted this suit in a dual capacity. She sought a recovery for the damages which she had personally suffered under what is commonly known as the death statute by reason of appellant having negligently caused the death of her father. She also sought a recovery as sole heir of her father, J. H. Jackson, for the damages which appellant had inflicted upon Mr. Jackson and for which his estate was entitled to recover.

Under article 5525 of the Revised Statutes as amended by the Legislature in 1927 (Acts 40th Leg. c. 239 [Vernon's Ann. Civ. St. art. 5525]), the death of Mr. Jackson did not abate the cause of action which his estate had against appellant for damages which had been inflicted upon him or his property and which he had suffered and which had accrued prior to his death. This direct question was involved in Marcus v. Huguley (Tex. Civ. App.) 37 S.W.(2d) 1100. In said case Judge Jones, in a well-written opinion, held that under said statute as amended the surviving heirs of the deceased were entitled to recover not only for the medical, hospital, and funeral bills, but also the value of the suffering which had been caused the deceased by reason of said injury. Unquestionably, under the jury's findings that appellant was guilty of negligence which caused the destruction of the automobile and the incurring of the medical and hospital bills, appellee as his sole heir was entitled to recover as such the value of the automobile and the reasonable and necessary expenses which Mr. Jackson incurred and which she as the sole survivor of his estate paid for doctors, hospital, nurses, and funeral. These were damages caused by the acts of appellant and for which he was liable to the estate of Mr. Jackson. Our courts have definitely held that funeral expenses are a part of the costs incident to the last sickness of a deceased. Richardson v. McCloskey (Tex. Com. App.) 276 S. W. 680; Smith v. Farrington, 117 Tex. 459, 6 S.W.(2d) 736. Appellant does not contend that the medical, nurses', hospital, and funeral expenses were not reasonable or that they were not incurred and paid. Appellant does contend that the evidence is insufficient to support the finding of the jury that the

automobile prior to the collision was reasonably worth $150 and that thereafter it was of no value. We have carefully examined the statement of facts and think the evidence sufficient to support this finding. The witnesses testified that prior to the collision the car was worth $150 and that thereafter it was a total wreck and was sent to the junk heap.

Appellant contends that the trial court erroneously entered judgment for appellee for the $1,500 exemplary damages. We sustain this contention. The jury found that Mr. Jackson had not contributed anything to appellee's support and therefore did not find she had suffered any actual damages occasioned by the death of her father. Our courts have consistently held that where the survivor did not recover any actual damages occasioned by death, they could not recover exemplary damages. Ritz v. City of Austin, 1 Tex. Civ. App. 455, 20 S. W. 1029 (error ref.); Adams v. San Antonio & Aransas Pass Ry. Co., 34 Tex. Civ. App. 413, 79 S. W. 79 (error ref.); Wilson v. Brown (Tex. Civ. App.) 154 S. W. 322 (error ref.); Jones v. Matthews, 75 Tex. 1, 12 S. W. 823. While section 26, article 16, of our State Constitution, as well as our statutes enacted in conformity therewith, allow the survivor to recover exemplary damages where death has been caused by the gross negligence of some one else, the above authorities in construing said provision and statute hold specifically that exemplary damages cannot be recovered unless actual damages are recovered. The fact that appellee recovered as sole heir the value of the automobile destroyed and the expenses incident to the injuries inflicted, would not authorize her to recover exemplary damages, since the damages she did recover were recovered as the heir and representative of her father's estate and not as actual damages accruing to her under the death statute. We think there was no error in the action of the trial court in entering judgment for appellee for the value of the automobile and the amount of the doctors', hospital, nurses', and funeral bills, but there was error in the trial court entering judgment for the $1,500 exemplary damages.

For said error, the judgment of the trial court is reversed and the cause remanded. If appellee will file a remittitur within fifteen days for the $1,500 exemplary damages, the judgment of the trial court will be reformed and affirmed. If said remittitur is not filed, the judgment of the trial court will stand reversed and remanded.

### On Motion for Rehearing.

Appellee having filed a remittitur of the $1,500 exemplary damages in line with the suggestion made by this court in its opinion, the judgment of this court reversing the judgment of the trial court is set aside, and the judgment of the trial court is reformed to the extent that the $1,500 allowed by the trial court as exemplary damages is eliminated therefrom, and the judgment of the trial court is in all other respects affirmed.